UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN STEELE, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:24-cv-1993 |
| V. | § § | JURY TRIAL DEMANDED |
| HOUSTON EMERGENCY AUTO RESCUE & TRUCKING LLC, | § § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION AND JURY DEMAND**

1. Defendant Houston Emergency Auto Rescue & Trucking LLC ("Defendant") requires Plaintiff Jonathan Steele ("Plaintiff") to work more that forty hours in a work week as a tow truck driver. Defendant misclassified Plaintiff as an exempt employee and paid him based on the number of tow jobs he performed without overtime. Defendant also misclassified other tow truck drivers and likewise denied them their proper overtime compensation.

2. Defendant's conduct violates the Fair Labor Standards Act ("FLSA"), which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this lawsuit as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to hereinafter as the "FLSA Class Members."

1

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this lawsuit is brought under the FLSA.

4. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District. Specifically, Defendant is headquartered in this District and the work that forms the basis of this lawsuit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Jonathan Steele is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. The "FLSA Class Members" are all current and former workers who performed work for Defendant as tow truck drivers or in substantially similar positions during the three-year period before the filing of this Complaint that Defendant classified as exempt.

7. Defendant Houston Emergency Auto Rescue & Trucking LLC is a limited liability company organized under the laws of Texas. Defendant may be served with process through its registered agent Mahoud Othman at 619 West 27th Street, Houston, Texas 77008 or wherever he might be found.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12. At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

13. Defendant Houston Emergency Auto Rescue & Trucking LLC is a towing company that operates under the tradename HEART Towing.

14. Defendant provides car towing services in the Houston area.

15. Plaintiff began working for Defendant as a tow truck driver in approximately July of 2022. He is currently still employed by Defendant.

16. Defendant pays its tow truck drivers based on a formula tied to the number of tows they perform.

17. Under Defendant's formula, its drivers are paid a portion of the amount it receives for each tow after Defendant deducts the cost it pays for fuel.

18. When Defendant calculates how much it pays its drivers, it awards the greater of either the minimum wage multiplied by the number of hours a driver works or the driver's share of the tow payment.

19. In the event a tow truck driver does not earn enough during a pay period from his tows such that his share of the tow payment exceeds the minimum wage, Defendant pays only the minimum wage and carries a negative balance forward for the next pay period.

20. By way of example, during the pay period from June 16, 2023 to June 30, 2023, Plaintiff worked a total of 132 hours for Defendant. He was paid $1,407.03 during that pay period, which represented his share of the tow payments Defendant received for his work. In this week, had Plaintiff's share of the tow payments been only, for example, $600, Defendant would have paid him $957 (the minimum wage times the 132 hours) and carried forward a negative balance of $357 ($957-$600) to be offset in future pay periods by his future work.

21. Defendant's compensation system does not pay any overtime premiums when its tow truck drivers work more than 40 hours in a week.

22. In most work weeks, Plaintiff's total compensation was less than $10.88 per hour.

23. Plaintiff commonly worked 60 hour work weeks.

24. Other drivers for Defendant also commonly worked 60 hour work weeks.

25. Defendant's operations are largely confined to the Houston metro area.

26. Plaintiff never drove out of the state of Texas for Defendant.

27. Defendant does not require its drivers to drive out of the state of Texas.

28. No FLSA exemption applies to employees such as Plaintiff and FLSA Class Members.

29. Plaintiff did not hire or fire other employees.

30. Plaintiff did not supervise two or more employees.

31. Defendant did not pay the Plaintiff a salary.

32. Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

33. That is, Defendant's misclassification was not by accident, but a well thought out scheme to reduce its labor costs. Accordingly, Defendant's violations of the FLSA were willful.

### VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (COLLECTIVE ACTION)

34. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

35. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

36. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

### COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

38. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant throughout Plaintiff's long tenure with Defendant.

39. Other workers similarly situated to the Plaintiff work for Defendant throughout Houston, Texas but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

40. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

41. Defendant has classified and continues to classify FLSA Class Members as exempt.

42. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

43. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

44. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

45. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of FLSA Class Members.

46. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

47. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

48. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

49. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

50. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former tow truck drivers, or workers in substantially similar positions, who performed work for Defendant during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

## DAMAGES SOUGHT

51. Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

52. Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages.  29 U.S.C. § 216(b).

53. Plaintiff and the FLSA Class Members are entitled to recover attorney's fees and costs.  29 U.S.C. § 216(b).

## JURY DEMAND

54. Plaintiff hereby demands trial by jury on all issues.

## PRAYER

55. For these reasons, Plaintiff, on behalf of himself and the FLSA Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
4151 Southwest Freeway, Suite 515
Houston, Texas 77027
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS