UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JONATHAN STEELE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>HOUSTON EMERGENCY AUTO RESCUE & TRUCKING LLC,<br><br>Defendant. | § § § § § § § § § § § § § §<br><br>CIVIL ACTION NO. 4:24-cv-1993<br><br>JURY TRIAL DEMANDED |

**JOINT MOTION TO APPROVE SETTLEMENT**

Plaintiffs Jonathan Steele and Amber Steele and Defendant Houston Emergency Auto Rescue & Trucking LLC file this Joint Motion to Approve Settlement and in support thereof would respectfully show the Court the following:

1. **Relevant Factual and Procedural Background**

Plaintiff Jonathan Steele is a former tow truck driver for Defendant Houston Emergency Auto Rescue and Trucking LLC. He filed this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., lawsuit on May 24, 2024 (Doc. 1). In his lawsuit, Plaintiff alleged that Defendant misclassified its tow truck drivers as exempt. Plaintiff filed an amended complaint on October 18, 2024 (Doc. 26) to add allegations that he was terminated in retaliation for filing this lawsuit (Doc. 26). The Court entered a bifurcated scheduling order that directed the Parties to conduct initial discovery on the issue of whether it would be appropriate to send notice to other similarly situated employees (Docs. 28, 30). Plaintiff moved to amend his complaint a second time on June 18, 2025 to add Amber Steele as a named plaintiff and include allegations that Defendant also misclassified

its light duty drivers (Doc. 31).  On June 27, 2025, Plaintiffs filed a motion to authorize notice to two putative collectives composed of the tow truck drivers and the light duty drivers.  Before Defendant filed a response, the Parties attended an all day mediation with Alan Bush where the case settled.

The Parties jointly request that the Court approve their settlement and dismiss this action with prejudice.

2. **The Court should approve the settlement**

A. **Relevant Legal Standards**

The FLSA does not expressly authorize or expressly require district courts to review settlement agreements reached by litigants in pending FLSA cases. *See Stuntz v. Lion Elastomers, L.L.C.*, 826 F. App'x 391, 397 (5th Cir. Sept. 23, 2020); *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting *Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)). Indeed, the Fifth Circuit has repeatedly clarified that neither court nor Department of Labor ("DOL") approval is required in a case pending before the court where the private compromise of FLSA claims involves "a bona fide dispute as to the number of hours worked or compensation due." *Stuntz*, 826 F. App'x at 397; s*ee also Martin*, 688 F.3d at 255. However, out of an abundance of caution, Plaintiff submits the Settlement Agreement for approval by this Court.

"When a court scrutinizes an FLSA settlement agreement, it must 'determine whether (1) the settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable.'" *Tharp v. Energes LLC*, No. 5:15-CV-983-DAE, 2018 WL 7286479, at *2 (W.D. Tex. July 16, 2018) (quoting *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 11-242, 2012 WL 161824, at *13 (E.D. La. Jan 18, 2012) (citations omitted)). If the

settlement meets the above criteria the court may approve the settlement agreement and enter final judgment. *Id.* (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) ("In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'").

A bona fide dispute exists in this case, and the Settlement Agreement is fair and reasonable.

### B. A Bona Fide Dispute is Present in This Case.

Plaintiffs assert that they and the other drivers that have joined this case to date were denied overtime wages required under the FLSA. Defendant disputes this claim and asserts Plaintiffs and its other drivers either were, in the case of the tow truck drivers, not entitled to overtime by virtue of the Motor Carrier Act Exemption or, in the case of the light duty drivers, properly paid overtime. Consequently, there is a bona fide dispute between the Parties as to issues of FLSA coverage or compensation due. *See Rodriguez v. Stage 3 Separation, LLC*, No. 5:14-CV-00603-RP, 2015 WL 12866212, at *2 (W.D. Tex. Dec. 23, 2015).

### C. The Settlement Agreement is Fair and Reasonable.

A court presiding over an FLSA action may approve a proposed settlement of the action under Section 216(b) after scrutinizing the settlement for fairness. *See Dyson v. Stuart Petro. Testers, Inc.*, No. 1:15-cv-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) ("[T]he Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages."). Although the class action provision of Federal Rule of Civil Procedure 23 does not apply to collective actions brought pursuant to the FLSA, Rule 23 is similar in that it requires court approval to finalize a class action settlement. *See id.* Therefore, the Rule 23(e) fair

and reasonable settlement standard encompasses a fair and reasonable standard under the FLSA. *Id.*

In the Fifth Circuit, district courts are instructed to consider six factors when evaluating he proposed settlement agreement for class actions:

> (1) Whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Id.* (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interests of the class and the court is not to substitute its own judgement for that of counsel." *Marcus v. J.C. Penny Co., Inc.*, No. 6:13-cv-736, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Here, the six-factor standard supports approval of the settlement agreement. Plaintiff's Counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. Wage and hour cases are expensive and time-consuming, and therefore the expense and likely duration of continued litigation favor approval. The Parties engaged in legal research, document review, and data analysis and performed due diligence before beginning to negotiate a settlement in good faith. The issues pertinent to Plaintiff's claims and Defendant's defenses were well understood and the Parties recognized that the outcome of litigating the case would be uncertain while the risks of continued litigation would be high. Finally, counsel on both sides support the settlement.

    **i.**    **The Absence of Fraud or Collusion in the Settlement Favors Approval**

An initial presumption exists that a settlement is fair where counsel for the parties negotiate the settlement at arm's length. *Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996). Settlement of this litigation was achieved only after months of formal discovery, including interrogatories and requests for production of documents, extensive document review, creation of damage calculation models, motion practice, and through the efforts of the Parties at an all day mediation. The Parties took appropriate steps in drafting the comprehensive Settlement Agreement, which includes payment to Plaintiffs and the current opt-in Plaintiffs and payment for Plaintiff's attorneys' fees and expenses. As such, there is no indicia of fraud or collusion.

### ii. The Complexity, Expense, and Likely Duration of this Case, Were it Not to Settle, Favors Settlement

The complexity, expense, and duration of this case were it not to settle at this time are significant factors that all favor settlement. If the Parties had not been able to resolve the claims at issue through compromise, this litigation would continue because the Parties continue to disagree regarding the merits of Plaintiffs' claims and the amount of damages. The Parties would have litigated these claims through trial and possibly appeal. Thus, the Parties will incur substantial additional legal fees and expenses if this case is not settled. Given the complexities of the claims at issue and the expense and extended duration of continuing litigation, settlement is in the interests of Plaintiffs, Defendant, and judicial economy.

    iii.    **The Discovery Taken by the Parties Favors Approval of the Settlement**

The Parties engaged in substantial formal discovery leading up to mediation. Plaintiffs served interrogatories and requests for production to Defendant and received hundreds of pages of time and pay records and employee files. Plaintiffs used these documents to calculate what they believed they and the opt-in Plaintiffs were owed in unpaid overtime. The Parties undertook independent factual investigation of Plaintiffs' claims and analyzed the legal issues at hand. The relevant documents favor approval of the settlement because they highlight the complex issues related to Plaintiff's disputed claims regarding payment and alleged non-payment of overtime compensation.

    iv.    **The Uncertainty of this Litigation Favors Settlement**

Plaintiff and Defendants are well aware of the uncertainty associated with litigation. While Plaintiffs are confident in their claims, they also understand that the claims in this case may prove to be unsuccessful and that collection of any future judgment or award may itself prove problematic. Accordingly, Plaintiffs strongly prefer the certainty of the proposed settlement, payable shortly after Court approval according to the settlement documents, to the risks and costs associated with continued litigation. Likewise, Defendant understands the risk of litigating the claims at issue and, although Defendant is confident in its defenses, it prefers the certainty of the proposed settlement to the risks and costs associated with continued litigation.

    v.    **The Available Range of Recovery and the Uncertainty of Damages Favor Settlement**

Plaintiff's Counsel and Defendants' Counsel both created multiple detailed damage models analyzing various damage scenarios that they used to meaningfully participate in the negotiation process. The Parties not only disputed whether the Motor Carrier Act exemption was applicable

but also the methodology for the calculation of damages. The ultimate settlement provides meaningful percentage of the unpaid wages that could have been claimed, subject to appropriate discounts for the potential loss.

The Settlement is equally in Defendant's best interest because the costs of proceeding through trial on the merits are excessive considering the amount of collective damages at issue. Further, should Plaintiffs prevail on their claims, Defendant would be liable not only for their own costs through trial, but also for the fees and costs of Plaintiff's counsel. Accordingly, the Parties agree that the settlement is in their best interest.

> vi.   **The Opinions of All Parties and Counsel Favor Settlement**

The lawyers of Sosa-Morris Neuman, PLLC have collectively litigated dozens of individual, collective, and class action wage and hour cases of all types and have recovered millions of dollars in these cases on behalf of workers across the United States. Based on this experience, Plaintiffs' Counsel can confidently report to the Court that this prong is met. After settlement negotiations, an arm's length settlement was reached that, in the view of Plaintiff's Counsel, affords the Plaintiffs with significant and meaningful financial benefits and provides a certainty for payment.

Further, Defendant agrees that this settlement is in its best interest and seek approval of the Settlement Agreement.

> 3.  **The Court should approve the requested attorneys' fees and incentive award.**

**A. The Requested Attorneys' Fees and Costs Are Fair and Reasonable**

A contingency payment in this general range set forth in the settlement agreement is in line with what courts have approved as reasonable. *See, e.g., Sarabia v. Spitzer Indus., Inc.*, No. 4:17-CV-2092, 2018 WL 6046327, at *4 (S.D. Tex. Nov. 19, 2018) (recognizing that a 40% contingency fee in an FLSA case was "in line with that approved in other FLSA cases") (citing *Matthews v. Priority Energy Servs., LLC*, No. 6:15-cv-448, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018); *Daniels v. Prod. Mgmt. Indus.*, LLC, No. 6:15-cv-2567, 2018 WL 1954352, at *4 (W.D. La. Apr. 20, 2018); *Legros v. Mud Control Equip. Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017); *Heffernan Bryant v. United Furniture Indus., Inc.*, No. 1:13-cv-246-SA-DAS, 2017 WL 639320, at *5 (N.D. Miss. Feb. 16, 2017)); *Wolfe v. Anchor Drilling Fluids USA Inc.*, No. 4:15-CV-1344, 2015 WL 12778393, at *3 (S.D. Tex. Dec. 7, 2015) (approving a 40% contingency fee as reasonable); *Quintanilla v. A & R Demolition Inc.*, No. CIV.A. H04-1965, 2008 WL 9410399, at *10 (S.D. Tex. May 7, 2008) (granting joint motion for approval of settlement and approving 40% contingency fee in an FLSA collective action); *Sandras v. Expeditors & Prod. Serv. Co.*, No. CV 16-0239, 2019 WL 658819, at *3 (W.D. La. Feb. 13, 2019), report and recommendation adopted, No. CV 16-0239, 2019 WL 1446481 (W.D. La. Mar. 29, 2019) (same); *Cormier v. Turnkey Cleaning Servs. LLC*, No. 6:15-CV-2076, 2018 WL 5288824, at *4 (W.D. La. Oct. 22, 2018), report and recommendation adopted, No. 6:15-CV-02076, 2018 WL 5623596 (W.D. La. Oct. 30, 2018) (same); *Barnard v. Intertek USA Inc.*, No. 4:11-cv-02198, ECF No. 184 (S.D. Tex. Jan. 8, 2014) (order granting joint motion for approval of settlement and approving 40%

contingency fee in an FLSA collective action). As provided in the declaration[1] of Plaintiff's counsel, this is a negative multiplier of Plaintiff's counsel lodestar.

### B. The Incentive Award is Reasonable

The Settlement Agreement is also fair because it provides for a reasonable incentive award to Plaintiffs Jonathan Steele and Amber Steele who participated in filing the Complaint and for serving as the Class Representative. The Settlement Agreement calls for a modest incentive award, which is consistent with sums typically awarded in collective action settlements. *See, e.g., Quintanilla*, 2008 U.S. Dist. LEXIS 37449 at *10 (approving award to named plaintiffs in collective action settlement and noting that"[s]uch awards may be made in class-action lawsuits to compensate named plaintiffs for the services they provide and burdens they shoulder during litigation) (citing *Camp v. Progressive Corp.*, No. 01-2680, 2004 U.S. Dist. LEXIS 19172, at *23-24 (E.D. La. Sept. 23, 2004) (approving incentive award of $5,000 to named plaintiffs in FLSA collective action)); *Tennille v. W. Union Co.*, 2013 WL 6920449, at *14 (D. Colo. 2013) (approving incentive award of $7,500). Indeed, the purpose of incentive awards is to compensate plaintiffs for specific expenses and sacrifices. *Silva v. Tegrity Pers. Servs., Inc.*, 986 F. Supp. 2d 826, 838 (S.D. Tex. 2013).

Both Plaintiffs have been part of this lawsuit since the filing of the Complaint and were instrumental in identifying the alleged wage violations and building the case. They spent substantial time communicating with Plaintiff's counsel regarding case developments and assisted counsel in understanding Defendants' business. The both attended the all day mediation that resulted in this settlement. They also worked closely with Plaintiffs' Counsel in managing the

---

[1] Because the declaration discusses terms of the settlement, Plaintiffs will request that they be permitted to file it under seal with the settlement agreement.

settlement process and in reviewing and approving the Settlement Agreement. Without the active participation in this case, the resulting settlement would have been far less likely. The total settlement fund here easily demonstrates the substantial benefits the Plaintiffs have brought to the collective action members as a whole and justifies their incentive award.

4. **Conclusion**

For the reasons stated herein, the Parties respectfully request the Court enter the attached proposed order and dismiss this case with prejudice.

Respectfully submitted,

Sosa-Morris Neuman, PLLC

By: */s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
John Neuman
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560
4151 Southwest Freeway, Suite 515
Houston, Texas 77027
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

Attorneys for Plaintiffs


*/s/ Michael K. Burke*
Michael K. Burke
S.D. Tex. Admission No. 24356
Texas Bar No. 24012359
mburke@scottpattonlaw.com
Daniel Patton
S.D. Tex. Admission No. 26200
Texas Bar No. 24013302
dpatton@scottpattonlaw.com
**Scott Patton PC**
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Phone:         (281) 377-3311
Fax:     (281) 377-3267

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I certify that on September 29, 2025 I filed the foregoing document through the Southern District of Texas CM/ECF system which will serve a copy on all parties of record via electronic mail.

                                          /s/ John Neuman
                                          John Neuman